**Robert A. RING, et al., Appellants,**

v.

**The METROPOLITAN ST. LOUIS SEWER DISTRICT, Respondent.**

No. 80493.

Supreme Court of Missouri, En Banc.

May 26, 1998.

Rehearing Denied June 16, 1998.

---

Lewis C. Green, Bruce A. Morrison, Kathleen G. Henry, St. Louis, for Appellants.

Alan C. Kohn, Robert F. Murray, James M. Byrne, St. Louis, for Respondent

ROBERTSON, Judge.

In *Beatty v. Metropolitan St. Louis Sewer District*, 867 S.W.2d 217 (Mo. banc 1993 (*Beatty II*), we held that the Metropolitan St. Louis Sewer District ("MSD") violated article X, section 22(a) of the Missouri Constitution when it increased wastewater fees for taxpayers connected to the sewer district by $4.00 per month without voter approval. In *Beatty v. Metropolitan St. Louis Sewer District*, 914 S.W.2d 791 (Mo. banc 1995) (*Beatty III*), this Court held that only persons who actually sued to recover the in-

crease in wastewater fees held unconstitutional in *Beatty II* could recover their overpayment. The Court also held that section 12 of MSD ordinance 8657 permitted the party plaintiffs in *Beatty III* to receive a credit for amounts overpaid against current wastewater fees owed MSD.

*Beatty III* left open the question whether a class action is the proper procedure by which MSD taxpayers who paid the unconstitutional wastewater fee increase could recover their overpayment. That question was before the trial court in this case but the trial court did not reach it. Instead, the trial court sustained MSD's motion to dismiss the purported class action filed in this case on statutory and sovereign immunity grounds. The Court of Appeals, Eastern District, affirmed, but transferred the case to this Court because of the general interest and importance of the issue in this case. We have jurisdiction. Mo. CONST. ART. V, SEC. 10. The judgment of the trial court dismissing the plaintiffs' petition is reversed and the cause is remanded for such further proceedings as are consistent with this opinion.

### I.

The factual predicate for this case is found in *Beatty II* and *Beatty III*. Upon announcement of the decision in *Beatty III*, a group of MSD individual and corporate wastewater fee payers filed a class action against MSD "to enforce Article X, sec. 22(a) of the Missouri Constitution" and to obtain a declaration and order "that each member of the class is entitled to prompt restitution of the amount by which his or her payment of any...charges exceeded the amount lawfully charged...[and for] attorney's fees and expenses and other appropriate relief." (App. Br. at 9, 11). Plaintiffs claimed to represent approximately 420,000 MSD ratepayers who paid the unconstitutionally-imposed fee. MSD moved to dismiss, arguing that plaintiffs had failed to comply with the provisions of section 139.031, RSMo 1994, and that plaintiffs' claims were barred by sovereign immunity. The trial court sustained the motion to dismiss on those grounds. The essence of the trial court's holding is that even if a class action were permitted, the members

of the class would have no cause of action. This appeal followed.

## II.

█ MSD is a political subdivision of the state. The wastewater fee MSD collects is a tax for purposes of article X, section 22(a). *Beatty II*, 867 S.W.2d at 221; *see also Keller v. Marion County Ambulance District*, 820 S.W.2d 301, 303 (Mo. banc 1991) ("[w]hat is prohibited are fee increases that are taxes in everything but name"). Though it shocks the equitable conscience, the general rule is well-settled that the sovereign need not refund taxes *voluntarily* paid, but illegally collected. *State ex rel. S.S. Kresge Co. v. Howard*, 357 Mo. 302, 208 S.W.2d 247, 249–250 (Mo.1947); *Community Federal Savings & Loan Assn. v. Director of Revenue*, 752 S.W.2d 794, 797 (Mo. banc), *cert. denied*, 488 U.S. 893, 109 S.Ct. 231, 102 L.Ed.2d 221 (1988). Thus, for MSD to face the possibility of any liability to those who paid the unconstitutional fee increase, there must be a waiver of sovereign immunity and the persons claiming a refund or credit for illegally paid taxes must have complied with the terms of the waiver of sovereign immunity or have paid the tax involuntarily. Plaintiffs' petition does not assert that the members of the class paid the increased wastewater fee involuntarily.

MSD's motion to dismiss asserts that section 139.031 is the exclusive waiver of sovereign immunity applicable in this case, and that plaintiffs failed to protest their fee payments and did not commence an action against the collector in a timely manner as required by section 139.031. Having failed to comply with section 139.031, MSD's argument continues, the plaintiffs may not now recover the unconstitutional fees previously paid.

We need not decide in this case whether section 139.031 applies to the increase in wastewater fees adopted by MSD in violation of article X, section 22(a). For purposes of this opinion, we will assume, *arguendo*, that section 139.031 does apply to wastewater fees paid to MSD.

Article X, section 23, provides:

**Notwithstanding other provisions of this constitution or other law**, any taxpayer of the...political subdivision shall have standing to bring suit in a circuit court of proper venue...to enforce the provisions of sections 16 through 22, inclusive.....

(Emphasis added.) In *Fort Zumwalt School Dist. v. State*, 896 S.W.2d 918, 923 (Mo. banc 1995), this Court considered whether plaintiffs could recover a money judgment against the state when the state violates article X, section 21, by requiring a political subdivision to fund an increase in the level of a previously-mandated activity beyond its 1980–1981 level without a state appropriation sufficient to finance the increased costs born by the political subdivision in carrying out the state's mandate.

If [article X,] Section 23 is a consent by the state to be sued for general money damages to enforce Section 21, the consent exists by way of inference or implication. This Court will not infer or imply that a waiver of sovereign immunity extends to remedies that are not essential to enforce the right in question.

*Fort Zumwalt*, 896 S.W.2d at 923. Plaintiffs argue that this is a case in which the right to a money judgment is essential to enforce article X, section 22(a) and that the Court must infer or imply that article X, section 23 acts as a waiver of sovereign immunity when a political subdivision collects a tax increase in violation of article X, section 22(a).

The constitutional right establish in article X, section 22(a), assures taxpayers that they will be free of increases in local taxes unless the voters approve those increase in advance.

Counties and other political subdivisions are hereby prohibited from...increasing the current levy of an existing tax, ... above that current level authorized by law or charter when this section is adopted without the approval of the required majority of the qualified voters of that county or other political subdivision voting thereon.

Mo. Const. Art. X. sec. 22(a). The enforcement of the right to be free of increases in taxes that the voters do not approve in advance may be accomplished in two ways: First, taxpayers may seek an injunction to enjoin the collection of a tax until its constitutionality is finally determined. Second, if a political subdivision increases a tax in violation of article X, section 22(a), and collects

that tax prior to a final, appellate, judicial opinion approving the collection of the increase without voter approval, the constitutional right established in article X, section 22(a), may be enforced only by a timely action to seek a refund of the amount of the unconstitutionally-imposed increase. This case falls into the second category.

■ Without deciding the merits of the claim presented by the plaintiffs here, we hold generally that article X, section 23, operates as a waiver of sovereign immunity and permits taxpayers to seek a refund of increased taxes previously collected by a political subdivision in violation of article X, section 22(a).

As the trial court's decision assumed that no cause of action existed because of section 139.031 and the doctrine of sovereign immunity, we remand this case for consideration of the merits of plaintiffs' petition. As we suggested in *Beatty III*, plaintiffs are not precluded from bringing a Rule 52.08 class action if such a class action is appropriate under the specific facts of the case. We are confident that on remand, the trial court will properly consider the requirements of Rule 52.08 and determine whether a class action is appropriate. We are also confident that if the trial court determines that a class action is appropriate and that the plaintiffs' claims entitle them to prevail on the merits, it will fashion a remedy that will acknowledge both the taxpayers' rights under article X, section 22(a), and the important obligations MSD bears under the environmental laws of the nation and state.

### III.

The judgment of the trial court is reversed and the cause is remanded for such further proceedings as are consistent with this opinion.

BENTON, C.J., and PRICE, LIMBAUGH, COVINGTON and HOLSTEIN, JJ., and HANNA, Special Judge, concur.

WHITE, J., not sitting.