Cheris **METTS** and Earl Metts,
Plaintiffs/Appellants,

v.

**CITY OF PINE LAWN, Missouri,**
Defendant/Respondent.

No. ED 80162.

Missouri Court of Appeals,
Eastern District,
Division One.

July 9, 2002.

Motion for Rehearing and/or Transfer to Supreme Court Denied Aug. 22, 2002.

Ryan S. Shaughnessy, Shaughnessy Law Firm, P.C., St. Louis, MO, for appellants.

Kenneth J. Heinz, Stephanie E. Karr, Curtis, Oetting Heinz, Garrett & Soule, St. Louis, MO, for respondent.

KATHIANNE KNAUP CRANE, Judge.

On December 29, 2000 plaintiffs, Earl Metts and Cheris Metts, individually and as class representatives, filed a petition against defendant, City of Pine Lawn, Missouri (Pine Lawn), to obtain a declaratory judgment that two former Pine Lawn city ordinances enacted in 1992 and 1996 were unconstitutional, to enjoin the collection of taxes levied under those ordinances, and to compel a refund of taxes paid under those ordinances. Pine Lawn filed a motion for summary judgment, which was granted. The trial court determined that an injunction against collection would have no practical effect because the current ordinance, in effect since 1999, had been submitted to the voters and its constitutionality was not being challenged. It determined that plaintiffs were not entitled to a refund of fees collected under the ordinances in effect before 1999 because they failed to timely comply with section 139.031 RSMo (2000).

On appeal, plaintiffs contend that the trial court erred in granting the motion because Pine Lawn has threatened to prosecute and impose tax liens for non-payment of the charges under the former ordinances. They claim that they are entitled to injunctive relief to prevent these acts. They further argue that section 139.031 does not apply. They assert that the trial court erred in not awarding them attorney's fees, and in ordering them to pay costs, because they were the prevailing parties. We affirm.

### FACTUAL and PROCEDURAL BACKGROUND

This case involves a series of three ordinances enacted by Pine Lawn, each of

which imposed a monthly trash collection charge. On June 15, 1992, Pine Lawn passed Ordinance No. 705, "providing for an assessment for collection of garbage and trash," which provided for a "service charge" in the amount of $12.00 to be assessed on all owners of all residences within Pine Lawn. On September 4, 1996, Pine Lawn passed Ordinance No. 783, "providing for a user fee to be imposed to defray costs of garbage and trash collection service for the residents of Pine Lawn, Missouri," which provided for a fee in the amount of $12.00 to be assessed on all owners of all residences and apartments within Pine Lawn. On May 17, 1999, Pine Lawn passed Ordinance No. 816, "authorizing a municipal election regarding a proposition to impose a fee for trash collection for residential property in the City of Pine Lawn." This proposition was submitted to the voters and passed by a majority vote on August 3, 1999.

Plaintiffs alleged in their petition that they had either overpaid and will overpay the charges assessed by ordinances 705 and 783 or that they disputed and have refused to pay the charges. In their response to their motion for summary judgment, plaintiffs alleged, supported by the affidavit of Earl Metts, that Pine Lawn "threatened to file criminal charges and civil lawsuits.... and has threatened to file the liens against real property" for failure to pay. They also attached a notice from Pine Lawn that gave property owners a 90–day grace period to pay delinquent trash collection bills without interest and penalties.

## DISCUSSION

*Introduction: Municipal Fee Challenges under the Hancock Amendment*

■ This is a taxpayer lawsuit challenging municipal fees as violations of the Hancock Amendment. A taxpayer may challenge a municipal fee on the grounds that it violates the Hancock Amendment in two ways:

> First, taxpayers may seek an injunction to enjoin the collection of a tax until its constitutionality is finally determined. Second, if a political subdivision increases a tax in violation of article X, section 22(a), and collects that tax prior to a final, appellate, judicial opinion approving the collection of the increase without voter approval, the constitutional right established by article X, section 22(a), may be enforced *only* by a *timely* action to seek a refund of the amount of the constitutionally-imposed increase.

*Ring v. Metropolitan St. Louis Sewer Dist.*, 969 S.W.2d 716, 718–19 (Mo. banc 1998). (emphasis added). Section 23 of article X of the Missouri Constitution gives taxpayers standing to bring suit to enforce the Hancock Amendment. It permits taxpayers to seek a refund of increased taxes previously collected by a political subdivision in violation of the Hancock Amendment. *Ring*, 969 S.W.2d at 719.

### 1. *Injunctive Relief*

■ In their first two points plaintiffs contend that the trial court erred in denying injunctive relief. They argue that they are entitled to injunctive relief because Pine Lawn was still attempting to collect the charges imposed by the former ordinances and was threatening prosecution and imposition of liens. Plaintiffs contend that section 526.030 RSMo (2000) authorizes an injunction when there is a threat of irreparable harm or injury to real property and assert that they are entitled to an injunction to stop the threatened tax liens. Thus, plaintiffs seek an injunction to prevent enforcement of the payment of charges due in the years prior to 1999 on the grounds that the ordinances authorizing those charges were enacted in violation

of the Hancock Amendment. The fact that plaintiffs failed to pay the charges when due does not entitle them to enjoin enforcement of those payments when they failed to make a timely challenge as set out in *Ring.*

In *Fugel v. Becker,* 2 S.W.2d 743 (Mo. 1928), our Supreme Court adopted the following rule:

> " 'Since the purpose of an injunction is not to afford a remedy for what is past but to prevent future mischief, not being used for the purpose of punishment or to compel persons to do right but merely to prevent them from doing wrong, rights already lost and wrongs already perpetrated cannot be corrected by injunction, and the party aggrieved must seek some other remedy for redress, which is ordinarily an action at law for damages.' "

*Id.* at 744 (citation omitted). In *Hurtgen v. Gasche,* 227 S.W.2d 494, 497 (Mo.App. 1950), we applied this principle to hold that an action to restrain the levy and collection of a tax increase was moot when the date on which the taxes were required to be collected had passed.

Plaintiffs failed to ask the trial court for an injunction prior to the date the charges were due and failed to comply with the protest procedures of section 139.031. They now owe the delinquent charges. They cannot create an alternate method of challenging the charges by merely withholding payment and raising their challenge when enforcement is attempted. They are not entitled to relief from the consequences of their failure to timely pursue the remedies available to them. Points one and two are denied.

2. *Application of Section 139.031 to Taxpayer Refund Request*

■ In point three, plaintiffs contend that the trial court erred in concluding that plaintiffs had not complied with section 139.031 and therefore were not entitled to a refund. They argue that that section applies only to the payment and collection of ad valorem taxes and is not the exclusive remedy to obtain a refund of a tax declared illegal under the Hancock Amendment. We disagree. Section 139.031 provides: "Any taxpayer may protest all or any part of *any* taxes assessed against him, except taxes collected by the director of revenue of Missouri." (emphasis added). Section 139.031 establishes a mechanism for a taxpayer to protest taxes assessed against the taxpayer. *Lett v. City of St. Louis,* 948 S.W.2d 614, 620 (Mo.App.1996). We have held that this section "applies to the assessment of taxes collected by city and municipal tax collectors." *Id.* And, we have required that section 139.031 be followed when the protest is based on unconstitutionality. *Id.* Once paid, taxes, even taxes collected under an unconstitutional statute, can only be recovered through proper statutory proceedings. *Id.* This procedure applies to taxes challenged as violations of the Hancock Amendment to the Missouri constitution. Taxpayers who fail to protest property taxes under 139.031 cannot obtain refunds. *Buck v. Leggett,* 813 S.W.2d 872, 877 (Mo. banc 1991); *Jenkins by Agyei v. State of Missouri,* 962 F.2d 762 (8th Cir.1992) (applying Missouri law).

In their response to the summary judgment motion, plaintiffs failed to allege facts indicating that they complied with sections 139.031.1 and 2. This failure to timely protest and timely commence suit is fatal, even when the protest is based on a Hancock challenge. Point three is denied.

3. *Attorney's Fees and Costs*

■ In their fourth point, plaintiffs contend that the trial court erred in refusing to award attorney's fees to plaintiffs, and

in ordering them to pay costs, because they were the prevailing parties. The trial court's judgment and order included a finding to the effect that the charge imposed by the prior ordinances was a tax, which was the declaration sought by plaintiffs. Because the trial court found that plaintiffs had not made a timely challenge to the ordinances, plaintiffs were not entitled to any relief on the merits, including a declaration on the question whether the charges imposed by the prior ordinances were taxes. Accordingly, the trial court's finding on this issue was surplusage which has no legal effect. *See State ex rel. Lester E. Cox Medical Center v. Wieland,* 985 S.W.2d 924, 926 n. 6 (Mo.App.1999). Plaintiffs were not the prevailing parties. They were not entitled to attorney's fees, and costs were properly assessed against them. Point four is denied.

The judgment of the trial court is affirmed.

WILLIAM H. CRANDALL, JR., P.J. and ROBERT G. DOWD, JR., J., concur.