Calton C. GREEN, et al., Appellants,

v.

LEBANON R–III SCHOOL DISTRICT, et al., Respondents.

Liston King, et al., Appellants,

v.

Morgan County R–II School District, et al., Respondents.

Nos. 25023, 25025.

Missouri Court of Appeals,
Southern District,
Division One.

Sept. 10, 2002.

Motion for Rehearing or Transfer
Denied Sept. 26, 2002.

Application for Transfer Denied
Oct. 22, 2002.

Craig S. Johnson, Lisa Cole Chase, Andereck, Evans, Milne, Peace & Johnson, L.L.C., Jefferson City, for appellants.

Alex Bartlett, Nancy L. Ripperger, Husch & Eppenberger, LLC, Jefferson City, for respondents.

KERRY L. MONTGOMERY, Presiding Judge.

Calton C. Green, et al., and Liston King, et al., (the Taxpayers), owners of real property in the Lebanon R–III and Morgan County R–II School Districts, brought

suit to challenge the operating levies of the School Districts (the Schools) for the years 1994, 1995, 1996, 1997, and 1998. The Taxpayers' Fifth Amended Class Action Petition[1] contended that the Schools erroneously determined the highest rate of tax which could be levied without additional voter approval, resulting in a tax rate for each of the years at issue that violated art. X, § 22(a), of the Missouri Constitution, commonly referred to as the "Hancock Amendment." The Taxpayers asked the court to declare the Schools' levies unlawful, requested injunctive relief requiring the Schools to return excessive funds, and sought damages. The trial court dismissed with prejudice the Taxpayers' petitions based on the Schools' motion for judgment on the pleadings. The trial court determined that the Taxpayers' "refund actions" were not timely filed. The Taxpayers' appeals are consolidated because of identical issues of law and fact.

Taxpayers initially filed this appeal with the Missouri Supreme Court. However, the Supreme Court, on its own motion, found that jurisdiction was vested in this Court and ordered the cases transferred here pursuant to art. V, § 11, of the Missouri Constitution.

These cases were previously before the Supreme Court in *Green v. Lebanon R–III School District,* 13 S.W.3d 278 (Mo. banc 2000) (*Green I* ). There, the trial court had entered summary judgment in favor of the Schools. The Supreme Court affirmed in part, reversed in part, and remanded the case to the trial court for further proceedings. The case was remanded with instructions that the trial court could determine, as a matter of law, whether Taxpayers' requests for refund were properly and timely asserted. *Id.* at 283–84.

Judge Wolff issued a concurring opinion articulating reasons why Taxpayers' claims were not brought in a timely manner. *Id.* at 286–90. Judge Price, in a brief concurring opinion, said that he was "persuaded by Judge Wolff that there exist significant issues concerning whether the taxpayers' claims were properly and timely asserted." *Id.* at 286.

Upon remand, the trial court dismissed Taxpayers' fifth amended petition after relying on *Koehr v. Emmons,* 55 S.W.3d 859 (Mo.App.2001). In *Koehr,* the Eastern District of this Court adopted the rationale of Judge Wolff's concurring opinion in *Green I* with this statement:

> Although we are not bound by Judge Wolff's opinion, we nonetheless find it persuasive and adopt it as a correct declaration of the law.

*Id.* at 863. *Koehr* summarized Judge Wolff's concurring opinion as follows:

> Judge Wolff concluded that claims for refunds of [property] taxes alleged collected in violation of the Hancock Amendment must be asserted before the taxes become payable—i.e., before December 31 of the tax year at issue.

*Id.* Relying on this language, the trial court found that Taxpayers' refund claims in this case were not timely because none of the claims were filed before December 31 of the tax year at issue.

Taxpayers' only point alleges the trial court erred in granting judgment on the pleadings and finding their claims were not timely filed. They allege that § 516.110,[2] the ten-year statute of limitations, applies to their claims which are solely based on the constitutional remedy provided by the Hancock Amendment. We disagree.

---

1. The judgments in these cases recite that the trial court "by prior order certified this action as a class action."

2. Statutory references are to RSMo 2000 unless otherwise indicated.

Our standard of review is described in *State ex rel. Nixon v. American Tobacco Co.*, 34 S.W.3d 122 (Mo. banc 2000). "On appeal from the trial court's grant of Respondent's motion for judgment on the pleadings, we review the allegations of Appellants' petition to determine whether the facts pleaded therein are insufficient as a matter of law." *Id.* at 134. The moving party admits, for the purposes of the motion, the truth of well-pleaded facts in the opposing party's pleadings. *Id.* "A trial court properly grants a motion for judgment on the pleadings if, from the face of the pleadings, the moving party is entitled to a judgment as a matter of law." *Id.*

The Taxpayers' pleadings in this case do not show that their claims were filed before December 31 of the tax year at issue. Therefore, we must determine whether *Koehr* applies to this case. If so, the facts pleaded by Taxpayers are insufficient as a matter of law.

In *Koehr*, the plaintiffs, individually and as representatives of a class of ad valorem taxpayers of Franklin County[3] filed a petition on March 11, 1998, seeking a refund of taxes allegedly levied in excess of the limits set forth in the Hancock Amendment. Count I sought a refund of $323.80, the amount the plaintiffs had individually paid under protest on December 15, 1997.[4] Count II sought a refund of all 1997 taxes allegedly wrongfully levied against the taxpayer class. Several taxing districts were eventually named as defendants, including the respondent, Junior College District of East Central Missouri (District). After a trial on the merits, the trial court entered judgment against plaintiffs.

On appeal, the District supported the judgment by urging, *inter alia*, that the refund claims were not timely filed based on Judge Wolff's concurring opinion in *Green I*, 13 S.W.3d at 286. As noted, the Eastern District of this Court agreed with the District and adopted Judge Wolff's concurring opinion "as a correct declaration of the law." *Id.* The court then applied that analysis to the class action claims and observed that none of these claims were timely filed. *Id.* at 864.

*Koehr* found persuasive the following portions of Judge Wolff's concurring opinion:

Quoting from *Ring v. Metropolitan St. Louis Sewer Dist.*, 969 S.W.2d 716, 718–19 (Mo. banc 1998), Judge Wolff pointed out that enforcement of the right granted in the Hancock Amendment may be accomplished in two ways: (1) a suit to enjoin collection of the tax until its constitutionality can be determined, or (2) a *timely* action for a refund. Noting that, aside from a provision authorizing attorney's fees, the enforcement provision of the Hancock Amendment, section 23, is not a consent to a suit for a money judgment, Judge Wolff reasoned that an action for refunds must conform to statutory requirements. [*Green I*, 13 S.W.3d at 287].

Judge Wolff pointed out the only civil action allowing taxpayers to challenge a tax levy contemplated by the statute, section 137.073.8 RSMo Supp.1999, is one for injunctive relief. *Id.* at 288. If such an injunctive action is timely instituted, the statute provides for refunds of amounts erroneously paid regardless of whether the taxes are paid under protest. Section 137.073.9 RSMo 2000. Judge Wolff reasoned that the pendency

---

3. The trial court later designated plaintiffs as class representatives pursuant to Rule 52.08.

4. Except for this individual claim for 1997 taxes paid under protest, *Koehr* determined that none of the class action claims were timely filed. 55 S.W.3d at 864.

of the injunction suit gives the taxing authority notice of the challenge to its tax rate brought on behalf of all taxpayers, thus justifying the statutory waiver of the protest requirement. *Id.* However, neither chapter 137 nor chapter 163, which governs the state's foundation aid formula, makes any provision for revision of tax rates once they have gone into effect unless there has been an action to protest or challenge the rates prior to their becoming effective. *Id.* There is, however, a provision for adjustments for protested taxes due in the current year for which notice of the protest was received in the current year. *Id.* (citing section 163.031.6.2 RSMo 2000). Failure to require notice to the taxing authority prior to the date taxes are due would also be contrary to the purpose of the Hancock Amendment. *Id.* at 289. Finally, Judge Wolff pointed out that the time limitation on refunds found in section 137.073.9 is not a statute of limitations but a deadline for judicial action. *Id.* There is no statutory authorization for an action for refunds, only for an injunction or an order revising the tax rate.

*Koehr,* 55 S.W.3d at 863.

 Taxpayers advance an unconvincing argument that *Koehr* is inapplicable to this case. They say that *Koehr* "did not involve the constitutional remedy at stake in this case." Taxpayers are simply wrong because the plaintiffs in *Koehr* specifically sought "a refund of taxes allegedly levied in excess of the limits set forth in the Hancock Amendment." 55 S.W.3d at 861. *Koehr* held that the claims asserted by Koehrs as purported class representatives were not "proper or timely." *Id.* at 863. This holding responded directly to the refund claims asserted under the Hancock Amendment.

We hold that *Koehr* applies to this case because the issue in both cases relates to whether refund claims under the Hancock Amendment must be filed before the taxes are due. In deciding that issue, we agree with Judge Wolff's view that the taxing authority is entitled to notice of refund claims prior to the date taxes are due, and failure to give notice is contrary to the Hancock Amendment. *Green I,* 13 S.W.3d at 289. Therefore, the trial court correctly found that Taxpayers' refund claims were not timely filed.

Finally, we reject Taxpayers' argument that § 516.110(3), the ten-year statute of limitations, applies to this case. They cite no authority for this assertion nor do they explain why no authority is available. "Failure to cite relevant authority where available, or to set forth why such authority is not available, constitutes an abandonment of the point under Rule 84.04(d)." *Williams v. Belgrade State Bank,* 953 S.W.2d 187, 190 (Mo.App.1997).

The judgments are affirmed.

GARRISON and BARNEY, JJ., concur.