**Jack L. KOEHR and Patricia C. Koehr, Appellants,**

v.

**Linda EMMONS, Collector of Franklin County, et al., Respondents.**

**No. ED 81775.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Dec. 24, 2002.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Feb. 20, 2003.

Application for Transfer Denied
April 1, 2003.

Byron E. Francis, St. Louis, MO, for appellant.

James B. Deutsch, Jefferson City, MO, Mark S. Vincent, Union, MO, for respondent.

CLIFFORD H. AHRENS, Judge.

Jack and Patricia Koehr ("the Koehrs") appeal the judgment of the trial court granting the joint motion to dismiss of Linda Emmons, collector of Franklin County and Franklin County Road District (herein collectively referred to as "Franklin County"); and Scenic Regional Library. The Koehrs allege that the trial court erred in dismissing their petition for declaratory judgment, injunctive relief and refund of taxes because Missouri statutory procedures do not apply to bar the Koehrs from seeking relief under Article X of the Missouri Constitution. We affirm.

On April 13, 2001, the Koehrs filed a petition for declaratory judgment, injunctive relief and refund of taxes in Franklin County Circuit Court. In their petition, the Koehrs alleged that they paid certain real and personal property taxes in December 2000. The Koehrs claimed that Franklin County and Scenic Regional Library did not use the 1999 tax rate ceiling imposed by a December 10, 1999 order of the court, thus the taxes imposed violated the Hancock Amendment to the Missouri constitution. The Hancock Amendment provides that no county or political subdivision may increase a tax without the approval of the voters in that county or political subdivision. MO Const. Art. X, § 22.

On December 10, 1999, a judgment was entered in the case of *Jack Koehr, et al. v. Linda Emmons, et al.*, Franklin County Circuit Court No. CV198–0297CC, which provided for a particular tax rate ceiling. This judgment was affirmed on appeal. *Koehr v. Emmons*, 55 S.W.3d 859 (Mo. App.2001) ("*Koehr I*"). According to the petition filed on April 13, 2001, the tax rate ceiling ultimately imposed violated the judgment in *Koehr I*. Franklin County and

Scenic Regional Library filed a joint motion to dismiss claiming that the Koehrs failed to timely file their action and that they failed to follow the statutory requirements for challenging tax levies and collecting of taxes. The court granted the motion to dismiss on February 25, 2002. On April 16, 2002, the trial court set aside the dismissal of February 25, 2002. This dismissal was set aside because the parties were not served with notice of the entry of the order and judgment, and the court entered a new judgment and order dismissing the action. The present appeal followed.

We will affirm the order of the trial court granting a motion to dismiss if any ground for dismissal supports the motion. *Turner Engineering, Inc. v. 1491155 Weldon Parkway, L.L.C.*, 40 S.W.3d 406, 409 (Mo.App.2001). Where the trial court does not specify its reasons for dismissing an action, as in the present case, we presume the trial court dismissed the suit based upon one of the reasons contained in the motion to dismiss. *Id.*

In their first point relied on, the Koehrs assert that the trial court erred in dismissing their action because the procedures enumerated in section 139.031 RSMo 2000[1] and section 137.073 do not apply to their request for a property tax refund. The Koehrs argue that their petition sought relief under Article X, Section 23 of the Missouri constitution, and the statutory procedures do not govern the remedies available in Article X of the constitution.

This court has decided the issue of whether the statutory procedures govern the timeliness of a Hancock Amendment challenge. The Koehrs previously filed suit against Franklin County, and several other defendant tax districts alleging that their 1997 taxes exceeded the

1. All further statutory references are to RSMo 2000 unless otherwise indicated.

limits of the Hancock Amendment to the Missouri constitution, Article X, Section 22. Consent judgments were entered resolving the claims against all defendants except one. The Koehrs proceeded to trial against the remaining defendant and the court entered a judgment in favor of the defendant. The Koehrs appealed the judgment and the defendant argued that the trial court's judgment was proper because the claims were not timely filed. In *Koehr I*, this court adopted the concurring opinion of Judge Wolff in *Green v. Lebanon R–III School Dist.*, 13 S.W.3d 278, 286–90 (Mo. banc 2000) (Wolff, J., concurring). *Id.* at 864. In his concurrence, Judge Wolff stated that a taxpayer must timely file his lawsuit under the statutory scheme in order to be eligible for a tax refund. *Green*, 13 S.W.3d at 286. Judge Wolff noted that the purpose of the Hancock Amendment is to protect the taxpayers from an increase in the tax burden without voter approval; however, he also stated that "the manner of enforcement of Hancock's mandates is subject to the orderly procedures established by statute." *Id.* at 287. Enforcement of the rights provided by the Hancock Amendment can be accomplished in two ways. *Id.* These are: 1) a taxpayer may seek an injunction, enjoining the collection of the challenged tax, until the constitutionality of the tax is determined; or 2) if the tax increase violates the Hancock Amendment and is collected before a final judicial approval of the collection of the increase without voter approval, the taxpayer may enforce his rights under the Hancock Amendment by a timely action seeking a refund of the increased tax. *Id.*, (citing *Ring v. Metropolitan St. Louis Sewer Dist.*, 969 S.W.2d 716, 718 (Mo. banc 1998)).

The Koehrs argue that *Koehr I* contradicts the language of the Hancock Amendment and the decision of this court in *City of Hazelwood v. Peterson*, 48 S.W.3d 36 (Mo. banc 2001). The Koehrs claim that *City of Hazelwood* was a rejection of the argument that the eligibility of a taxpayer for a refund under the Hancock Amendment is limited by the procedures enumerated in Missouri statutes. They state that in *City of Hazelwood*, the court expressly acknowledged that "there are no statutory impediments to a taxpayer's suit under the Hancock Amendment. . . ."

*City of Hazelwood* is factually distinguishable from the present case. In that case, the City of Hazelwood annexed an area for which Florissant Valley Fire District was to provide fire, emergency and ambulance services. The taxpayers of the annexed area paid taxes to Hazelwood and the city in turn paid the Florissant Valley Fire District for their services. An election was held to increase the tax rate in the Florissant Valley Fire District, and the voters approved the increase. After the election, a contest was filed and while the contest was pending, the district levied the increase. The city of Hazelwood paid the increased amount; however, they did so under protest. The election was ultimately set aside and a new election took place. The increase did not meet with voter approval after the second election. Subsequently, the City of Hazelwood brought suit for a refund of the taxes. The issue before the Missouri Supreme Court was whether the Hancock Amendment must be read in conjunction with the election laws of the state in order to determine whether a tax increase is constitutional. The district attempted to argue that the tax increase was valid while the election contest was pending, pursuant to the state's election statutes; therefore, the collection of the increased tax could not be in violation of the Hancock Amendment because it was approved by the voters. However, the court determined that the constitutionality of the tax increase was to be determined

from the plain language of the Hancock Amendment itself. *Id.* at 39.

The present case is not a question of the determination of the constitutionality of a tax increase based on a statute and the constitution. Rather, it is a procedural question concerning the timeliness of filing an action where the remedy sought is a refund of taxes allegedly collected in violation of the Hancock Amendment. It has been determined that the statutes which provide the mechanism by which taxpayers can protest taxes must be followed when the tax is challenged on a constitutional basis. *Metts v. City of Pine Lawn*, 84 S.W.3d 106 (Mo.App.2002). "Once paid, taxes, even taxes collected under an unconstitutional statute, can only be recovered through proper statutory proceedings. This procedure applies to taxes challenged as violations of the Hancock Amendment to the Missouri constitution." *Id.* Thus, the failure to timely protest the payment of alleged unconstitutional taxes and to timely commence an action for the refund of such taxes is fatal, even where the challenge is based on the Hancock Amendment. *Id.*

The Koehrs failed to timely file suit seeking a refund of the taxes they allege were in violation of the Hancock Amendment; thus the trial court did not err in dismissing their action. Point denied.

In their second and final point, the Koehrs claim that the trial court erred in dismissing their petition because even if the procedures set out by sections 139.031 and 137.073 did apply to bar their request for a property tax refund, they could still prevail on their Hancock Amendment claim. They allege that Article X, Section 23 of the constitution entitles them to a declaratory judgment as to the constitutionality of the challenged tax levies, as well as injunctive relief.

Although their petition was titled "petition for declaratory judgment, injunctive relief, and refund of taxes," the Koehrs did not request any such injunctive relief in their prayer for damages. The Koehrs asked the court only to "calculate the tax rate levy for the year 2000 using the tax rate ceiling that was set by the Judgment of this Court . . .; to refund . . . any sums paid over the amount due on their respective tax bills when the lawful tax rate is used to compute their year 2000 tax bills," and to award the Koehrs costs and expenses. The Koehrs cannot seek to enjoin Franklin County or Scenic Regional Library from collecting any tax because the tax has already been collected. In the event that the tax has already been collected, the other option, as discussed by the Missouri Supreme Court in *Ring v. Metropolitan St. Louis Sewer Dist.*, 969 S.W.2d 716, 718–19 (Mo. banc 1998), is to file a timely action to seek a refund for the amount of the unconstitutionally imposed tax. As we discussed above, the action for a refund was not timely filed; therefore, the Koehrs' claim was dismissed. They have not pled, nor do they have available, injunctive relief. Point denied.

The judgment of the trial court is affirmed.

MARY R. RUSSELL, P.J., and LAWRENCE G. CRAHAN, J., concur.