STATE of Missouri, ex rel. DEPARTMENT OF SOCIAL SERVICES, DIVISION OF CHILD SUPPORT ENFORCEMENT, Petitioner–Respondent,

and

Mary Bernadette Mahoney, Petitioner,

v.

Gregory Lamont RHYMES, Respondent–Appellant.

No. 24904.

Missouri Court of Appeals, Southern District, Division One.

May 19, 2003.

Gregory Lamont Rhymes, pro se.

Doug Noland, Kansas City, for respondent.

Before MONTGOMERY, P.J., GARRISON and BARNEY, JJ.

PER CURIAM.

Gregory Lamont Rhymes ("Appellant") appeals from the judgment of the trial court sustaining the administrative motion of the State of Missouri ("Respondent") to modify a previous child support order. In its judgment, the trial court adopted the findings and recommendations of the family court commissioner, which included, *inter alia,* findings that a continuing and substantial change in circumstances justified a modification of the child support amount owed by Appellant and that Appellant was in arrears for back child support.

We do not reach the merits of Appellant's three points on appeal, as each point fails to meet the minimum standards established by Rule 84.04,[1] thereby preserving nothing for our review. *See* Rule 84.13(a). In Appellant's brief, he sets out the following three points relied on:

I. The trial court erred in failing to declare Jamayne Mahoney emancipated as the circumstances did not manifestly dictate that child support should continue when Jamayne failed to enroll in a school of higher learning by the October 1 deadline following his graduation from high scholl [sic] and his eighteenth birthday under [Section] 452.340.5 ... because such a finding was not supported by any substantial or competent evidence. In fact, [Mary Mahoney] stated that Jamayne did not live at home, did not even try to file for any grants or student loans as well take any necessary test to enter college during his junior or senior years of high school. [Mahoney] also testified that Jamayne was working and self supporting, rather the undisputed evidence demonstrated Commissioner Tinsley failed to emancipate solely on the bases [sic] of the arrearages owed, which the state failed to supply current figures to the court.

II. The trial court erred in calculating [Appellant's] annual income and in failing to impute income and credit income to [Mahoney] as [Mahoney] did not maintain full-time employment as [Mahoney] was capable of completing and in making the child support modification retroactive to the date of the filing of motion to modify in that such retroactive modification created an undue burden on [Appellant] due to the injuries [Appellant] had sustained. Because such a finding was not supported by any substanial [sic] or competent evidence. In fact, the courts failed to realize [Mahoney] limited her income due to a minor child in the home under the age of six that she chose to have and not considering the amount of household income for the family showing the father of such child is capable of supporting him and should not have been a considering

1. References to rules are to Missouri Rules of Civil Procedure (2002) unless otherwise indicated.

factor in this case. While not taking in consideration of [Appellant's] disability and type of employment.

III. The trial court erred in its failure toreconize [sic] current child support arrearages as no sufficient evidence was presented as to the arrearages and the judgement included information subsequent to the date of the hearing. Because such a finding was not supported by any substantial or competent evedence [sic]. In fact the state testimony by Mr[.] Richardson was that of September 2001 and not current with payments made and disbursed by the State of Missouri to [Mahoney] or the state. [Appellant] testified he made a payment before the hearing. [Section] 454.465[.]1. From the information provided by Mr[.] Richardson the amount of arrearages owed to [Mahoney] was zero at the time of the hearing with the state trying to recover arrearages from public welfare received by [Mahoney] the commissioner failed to state the correct amount of arrearages in his order.

Aside from being, at times, indecipherable, all three of these points violate Rule 84.04(d), which mandates that points relied on shall: "(A) identify the trial court ruling or action that the appellant challenges; (B) state concisely the legal reasons for the appellant's claim of reversible error; and (C) explain in summary fashion why, in the context of the case, those legal reasons support the claim of reversible error." While each point appears to identify the trial court action Appellant claims is error, and arguably identifies the legal reasons for his assignment of error, all three fail to outline in a "summary fashion why, in the context of the case, those legal reasons support the claim of reversible error." "Abstract statements of law, standing alone, do not comply with this rule." Rule 84.04(d)(4).

Moreover, and in further violation of Rule 84.04(d), Appellant fails to cite to any relevant legal authority in the argument section of his brief or explain the failure to do so. Appellant's three points are supported by citation to four cases, all of which go to establishing the standard of review. Under his first point, Appellant cites to one statute, Section 452.340.3(5),[2] but only to acknowledge the unremarkable fact that the statute allows for the termination of child support upon the emancipation of the child. "Under such circumstances, an appellate court is justified in considering the argument abandoned." *Tapley v. Shelter Ins. Co.*, 91 S.W.3d 755, 764 (Mo.App. S.D.2002). *See also Burkholder ex rel. Burkholder v. Burkholder*, 48 S.W.3d 596, 598 (Mo. banc 2001); *Green v. Lebanon R–III School Dist.*, 87 S.W.3d 365, 368 (Mo.App. S.D.2002); *Orion Security, Inc. v. Board of Police Com'rs of Kansas City*, 90 S.W.3d 157, 166–67 (Mo. App.W.D.2002); *Flavan v. Cundiff*, 83 S.W.3d 18, 28 (Mo.App. E.D.2002). "The failure to develop a point relied on in the argument portion of a brief renders that point abandoned." *Jansen v. Westrich*, 95 S.W.3d 214, 218 (Mo.App. S.D.2003).

Appeal dismissed.

---

**2.** In fact, Appellant cites incorrectly to "Section 452.340.5," dealing with the continuation of child support when a child pursues higher education past the age of eighteen, when the context makes it clear he intends to reference Section 452.340.3(5), dealing with the effect of emancipation on child support.