Gene SALLY, Plaintiff–Appellant,

v.

CITY OF ROLLA, Missouri; Daniel L. Babcock, Bill Brown, and Freda D. Brown, as members of Brownwood Estates Homeowners Association, an unincorporated association, Defendants–Respondents.

No. 18663.

Missouri Court of Appeals,
Southern District,
Division Two.

Sept. 27, 1994.

Ronald D. White, John Z. Williams, Williams, Robinson, Turley & White, Rolla, for plaintiff-appellant.

Patrick L. King, Rolla, for defendants-respondents.

## PER CURIAM:

Plaintiff appeals an adverse judgment entered in his suit for a declaratory judgment. In his petition, he contested the validity of the City of Rolla's lease of an impoundment lake area (the lake) in a subdivision, known as Forum Lakes, to an unincorporated homeowners association known as Brownwood Estates Homeowners Association (Brownwood). Named as defendants in the suit were the City of Rolla (Rolla) and representative members of Brownwood.

Plaintiff was one of the developers of Forum Lakes in 1979 when the subdivision plat was approved by Rolla and recorded. As a condition to approval of the subdivision, Rolla required the construction of three impoundment lake areas, one of which was the lake in question, to control water runoff caused by the development of the surrounding property. Although the subdivision plat has not been filed with this court, the parties agree that it stated that "[a]ll streets, easements, as noted, parks and impoundment lake areas shown on this plat are hereby dedicated to the public use forever."

Rolla leased an area containing the lake in question to Brownwood[1] for a term of 20 years commencing September 8, 1982. The leased property was described as "[a] portion of the Impoundment Lake Area as shown on the plat of Forum Lakes" followed by a metes and bounds description. We glean from the evidence that the leased property included an area around the lake itself which was available for walking or other activities even when the lake was full. As part of the consideration, Brownwood agreed to maintain the property and do everything necessary to prevent the buildup of silt and other accumulation of deposits from impairing the drainage facility. Brownwood was given the absolute possession and complete control of the leased premises subject to Rolla's right to retain the operation and control of the "structures" and drainage control facilities so as to protect the public health and welfare with reference to drainage and precipitation runoff. Subsequently, Brownwood posted "No Trespassing" signs and excluded non-members who attempted to fish from the bank of the lake or use the leased property. The lake and the area around it, however, were used by Brownwood members as a place for "enjoyment," including fishing and canoeing.

In his suit, Plaintiff contended that the lease violated the dedication for public use. The trial court found the issues in favor of Defendants and held that the lease was not in conflict with the use of the property as an impoundment lake area. This appeal followed. Briefs have been filed with this court by Plaintiff and Rolla but not by Brownwood.

In his sole point relied on, Plaintiff contends that the trial court erred in finding that the lease was valid. He argues that the recorded plat of Forum Lakes constituted a statutory dedication and, as such, Rolla holds the land in trust for the benefit of the public for the general public purposes for which he claims it was dedicated.

Section 445.070, RSMo 1986, provides that plats "shall be a sufficient conveyance to vest the fee of such parcels of land as are therein named, described or intended for

1. Brownwood Estates is a residential development south of the lake.

public uses in such city, town or village, when incorporated, in trust and for the uses therein named, expressed or intended, and for no other use or purpose." While that section speaks in terms of "the fee of such parcels of land," the governmental entity does not obtain a fee simple title, but rather, a dedication, and its acceptance amounts to a conveyance in trust for the uses named. *Willy v. Lieurance,* 619 S.W.2d 866, 870–71 (Mo.App. S.D.1981). *See also: Neil v. Independent Realty Co.,* 317 Mo. 1235, 298 S.W. 363 (1927); *Gaskins v. Williams,* 235 Mo. 563, 139 S.W. 117, 120 (1911); and *Evans v. Andres,* 226 Mo.App. 63, 42 S.W.2d 32, 34–35 (1931) (discussing predecessor to the current statute). Plats containing dedications are to be interpreted as other writings would be and are construed as a whole in order that the intention of the parties may be ascertained. *Land Title Insurance Co. of St. Louis v. Eisenhauer,* 625 S.W.2d 208, 210–211 (Mo.App.E.D.1981).

■ In the instant case, we have carefully studied the briefs of the parties and the record. Our review is impeded by the fact that the record before us omits significant portions of the evidence presented to the trial court. For instance, the plat which was introduced in evidence is not before us. As a result, the record does not reveal the size or location of the impoundment lakes with reference to the subdivision or the amount of property in addition to the lake which is subject to the lease.[2] The transcript also indicates the existence of other evidence, in addition to the plat, which is not filed with this court. That evidence included a stipulation filed with the trial court which, according to the record, contains "98 percent of the facts that are crucial to the Court's determination of this case." Also excluded from the record before us are stipulations concerning the testimony of Plaintiff and a member of Brownwood which were submitted in lieu of their live testimony.

■ It is the duty of an appealing party desiring review of an issue to furnish all records relating thereto. *Keesee v. Meadow Heights R–II School District,* 865 S.W.2d

818, 824 (Mo.App.S.D.1993). There is nothing for the appellate court to review in the absence of a complete record containing the matters necessary for a determination of the issue presented. *Id.* Under such circumstances, the appellate court may dismiss the appeal. *Nolfo v. Dubin,* 861 S.W.2d 136, 138 (Mo.App.E.D.1993); *Snelling v. Chrysler Motors Corp.,* 859 S.W.2d 755, 756 (Mo.App. E.D.1993); *McMenamy v. Main,* 686 S.W.2d 874, 877 (Mo.App.E.D.1985).

In the instant case, the absence of significant parts of the evidence presented to the trial court precludes a complete review of the issue presented on this appeal. Therefore, we dismiss this appeal.

2. Plaintiff argues on this appeal that the impoundment lake areas were in lieu of Rolla's

requirement that 5% of a subdivision be dedicated as parks.