**Robert N. VOGT, Trustee for the Robert N. Vogt Trust,**
**Respondent,**

v.

**Linda EMMONS, Collector of Franklin County, Appellants.**

No. ED 85430.

Missouri Court of Appeals,
Eastern District,
Division One.

Oct. 11, 2005.

Motion for Rehearing and/or Transfer to Supreme Court Denied Nov. 21, 2005.

Application for Transfer Denied
Jan. 31, 2006.

---

1. All rule references are to Mo. R. Civ. P.2004, unless otherwise indicated.

Marc H. Ellinger, Jefferson City, MO, for appellant.

Byron E. Francis, St. Louis, MO, for respondent.

CLIFFORD H. AHRENS, Judge.

Linda Emmons, collector of Franklin County and Franklin County (herein collectively referred to as "Franklin County") appeal the judgment of the trial court in favor of Robert N. Vogt, Trustee for the Robert N. Vogt Trust ("Vogt") on all counts of his petition for declaratory judgment, injunctive relief and refund of taxes regarding certain property tax rates set by Franklin County. Franklin County claims that the trial court erred in its judgment because Franklin County properly computed its 2002 tax rates, and such calculation was in compliance with a prior judgment regarding Franklin County's rates. Additionally, Franklin County argues that Vogt's claims were untimely, and barred by the doctrine of res judicata. Franklin County also asserts error in the admission of correspondence between counsel from a prior case. Finally, Franklin County claims the trial court erred regarding its

judgment that Franklin County failed to properly adjust tax rates for actual sales tax collections in 2000, 2001, and 2002. We affirm.

On December 27, 2002, Vogt filed a petition for declaratory judgment, injunctive relief and refund of taxes. In his petition, Vogt alleged that Franklin County used improper tax rate ceilings to calculate the property tax rate levies for both the general revenue and for the road and bridge purposes in 2000 and ultimately in 2001 based upon the improper calculation from 2000. Because the improper tax rate ceilings were used in calculating the levies in 2000 and 2001 this resulted in an improper calculation of the tax rate levies for 2002. Vogt alleged the tax rate levies for 2002 were in violation of the Hancock Amendment[1] to the Missouri constitution and section 137.073 RSMo (Cum Supp.2002). He also claimed the tax rate levies were in violation of a 1999 judgment entered in the case of *Jack Koehr, et al. v. Linda Emmons, et al.*, Franklin County Circuit Court No. CV198–0297CC ("1999 Judgment"), which found, among other things, that the 1998 tax rates were unlawful and unconstitutional based upon an improper "rounding up" formula used in its calculations. In addition, Vogt claimed that Franklin County failed to adjust the 2002 tax rates for the sales tax revenue collected in 2001, pursuant to section 67.505.3(6) RSMo (2000)[2]. Vogt requested an order declaring the levies for the general revenue and road and bridge purposes unlawful; directing Franklin County to calculate the tax rates for 2002 using the proper tax rate ceiling, which would be determined by recalculating the tax rate ceilings for the

---

1. Article X, Section 22 of the Missouri constitution prohibits counties and other political subdivisions from levying any tax not authorized by law. It also states that counties and

political subdivisions may not increase a tax without voter approval.

2. All further statutory references are to RSMo (2000), unless otherwise indicated.

years 2000 and 2001 pursuant to the tax rate ceiling for 1999 set by the 1999 Judgment; enjoining Franklin County from collecting taxes under the unlawful rate set for 2002; refunding sums paid over the amount due when the lawful rate is used to compute the 2002 tax bills; punitive damages; and costs and attorney's fees.

Vogt moved for plaintiff class certification, and the trial court granted the motion. Notice to class members was published, and no members of the class applied for exclusion from the class. The court found that Vogt was an adequate class representative. The cause was tried to the court, and findings of fact, conclusions of law and judgment were entered, finding in favor of Vogt on all counts. The trial court found that Franklin County failed to use the proper tax rate ceilings from 1999 in calculating its tax rates for 2000. Specifically, the court stated that Franklin County used the 1998 tax rate ceilings, which were derived from the use of the improper rounding formula and were found to be in violation of the Hancock Amendment, to calculate the tax rate levies in 2000, thus "perpetuating an unconstitutional cycle." The court determined that the use of the improper tax rate ceiling in calculating the tax rates for 2000 ultimately resulted in unlawful tax rates for general revenue and road and bridge purposes for 2002. The court ordered Franklin County to recalculate its tax rates for 2002 using the proper tax rate ceilings for 2001, which would be determined by recalculating the 2000 tax rate ceilings pursuant to the tax rate ceilings from 1999. The court also awarded a refund of $488,352.00 in excess property tax revenue to Vogt and the members of the class as a result of the unlawful rates in 2002. The court found that Franklin County also collected an excess of property tax revenue in 2000, 2001, and 2002, as a result of understated sales tax adjustments for those years, in violation of section 67.505.3. As a result, the court awarded Vogt and the members of the class a total refund of $315,835.60 for excess property taxes collected from the understated sales tax adjustments in 2000, 2001, and 2002. Franklin County now appeals.

Franklin County asserts several claims on appeal. Initially, we address the timeliness claim as a threshold matter. In its third point on appeal, Franklin County argues that Vogt's petition was barred by the statute of limitations and by the doctrine of laches. Franklin County argues the suit is effectively a challenge to the tax rates for 2000, and therefore, is untimely.

■ Franklin County agrees there is no dispute that Vogt's challenge to the 2002 tax rates was timely filed. Instead, Franklin County takes issue with the fact that Vogt's petition is actually a challenge to the 2000 tax rates instead of the 2002 rates, and no timely challenge was made to the rates from 2000.

In his concurring opinion in *Green v. Lebanon R–III School Dist.*, 13 S.W.3d 278, 286–90 (Mo. banc 2000) (Wolff, J., concurring), Judge Wolff stated that a taxpayer must file a timely suit under the statutory scheme in order to be entitled to a tax refund. He noted that the "manner of enforcement of Hancock's mandates is subject to the orderly procedures established by statute." *Id.* at 287. A taxpayer may enforce his rights under the Hancock Amendment by filing a timely action to seek a refund of the alleged unconstitutional tax. *Id.* (citing *Ring v. Metropolitan St. Louis Sewer Dist.*, 969 S.W.2d 716, 718 (Mo. banc 1998)). Judge Wolff noted that if a taxpayer's suit is not timely filed, that is, filed before December 31 of the tax

year in question, refunds are not available. *Id.* Our court adopted the concurring opinion of Judge Wolff as a correct declaration of the law in *Koehr v. Emmons,* 55 S.W.3d 859 (Mo.App.2001)("Koehr I").

In the present case, Vogt and the members of the class do not seek a refund of taxes for 2000 or 2001. Instead they seek a refund only for the year 2002. A timely action for refund of taxes for 2002 was filed. Vogt's petition was filed December 27, 2002, and therefore, timely sought a refund of the 2002 taxes he alleged were improperly collected. The simple fact that the taxes ultimately being refunded from 2002 were collected based on improper calculations from prior years does not negate the timely filing of the suit.

■ Additionally, the requirement that the suit be filed by December 31 of the tax year in question applies to actions for refunds. However, in a prior case involving a challenge to Franklin County's tax rates by Vogt, our court determined that while an action for refund was properly dismissed as untimely, actions for declaratory or injunctive relief may have been proper. In *Vogt v. Emmons,* 158 S.W.3d 243 (Mo. App.2005) ("Vogt I"), this court determined that Vogt was not entitled to a refund of 2001 taxes because the action was not filed in accordance with section 137.073.8. However, we stated that we could find "no barrier to [Vogt's] pursuit of an action for declaratory relief and for an injunction ensuring the alleged unlawful tax rates and methods of determining such tax rates do not remain in effect in the future." *Id.* at 252. Therefore, we do not believe the actions for declaratory judgment and injunctive relief in the present case were barred by the timeliness requirements for filing an action for refund.

Franklin County also argues that the instant action was barred by the doctrine of laches.

■ There is no "ready-made test" for invocation of the doctrine of laches. *Estate of Holtmeyer v. Piontek,* 913 S.W.2d 352, 356 (Mo.App.1996); (citing *Metropolitan St. Louis Sewer District v. Zykan,* 495 S.W.2d 643 (Mo.1973)). Generally, laches is appropriate to bar a claim where one party's "needless delay" materially prejudices the opposing party. *Id.*

■ In the present case, Franklin County's argument for application of the doctrine of laches to bar the action fails. Franklin County acknowledges that prior suits challenging the tax rates now at issue were filed and dismissed. It cannot now assert unnecessary delay on the part of Vogt and the members of the class in bringing the action. Point denied.

■ We next consider Franklin County's claim, set forth in point one on appeal, that the tax rates for 2002 were properly computed based upon the 2001 tax rate ceilings.

In its calculation of the tax rate levies for both general revenue and road and bridge purposes, Franklin County utilizes a formula which is based, in part, on the prior year's tax rate ceiling. Section 137.073.1(3) RSMo (Cum Supp.2002) defines tax rate ceiling as "the maximum tax rate that may be levied," unless a higher rate is approved by the voters. In 2000, Franklin County used the tax rate ceiling from 1998 to calculate the rates for the year. However, this tax rate ceiling, along with the levies calculated as a result, was determined to be improper, and violative of the Hancock Amendment in the 1999 Judgment. Applying this unconstitutional 1998 tax rate ceiling resulted in improper tax rate ceilings for the year 2000. This unconstitutional rate was then carried forward with the use of the 2000 tax rate ceiling to calculate the 2001 tax rate levies.

Ultimately, the improper rate continued in 2002 with the use of the 2001 tax rate ceiling which had been based upon the unconstitutional 2000 rates. It is the 2002 rates that are now the subject of this suit.

In its reply brief, Franklin County states that the "core issue" presented on appeal is the finality of the property taxes, and the trial court's error in abrogating this finality. Franklin County claims that we may only consider the calculation of the 2002 rates based upon the proper application of the 2001 tax rate ceiling. However, Franklin County fails to acknowledge the fact that the 2001 tax rate ceilings were based upon a calculation that began with the use of the improper tax rate ceiling from 1998 to calculate the tax rate ceilings for 2000.

Although we agree with Franklin County that "finality is a crucial element of property tax rates" for municipalities and other governmental entities, we also believe that, if timely challenged, an unconstitutional rate must be remedied, even if it is based on prior years' tax rate ceilings. Vogt and the members of the class do not seek revision of the tax rates from 2000 and 2001. They seek only revision of the 2002 rates which would require recalculation of a portion of the computation of the rates from 2000 and 2001. Additionally, Vogt and the members of the class do not seek refunds for any taxes collected in 2000 and 2001; instead they seek timely refund of the excess taxes generated by the improper levies from 2002, and they seek to stop the improper calculations from continuing.

As a result of the foregoing, the trial court did not err in ordering Franklin County to recalculate the 2002 tax rates using the proper tax rate ceiling from 2001, which would be determined by recalculating the tax rate ceilings from 2000 pursuant to the tax rate ceiling from 1999.

Additionally, the trial court did not err in awarding a refund for the excess revenue collected in 2002 as a result of the unlawful tax rates. Point denied.

 In its second point on appeal, Franklin County argues that the calculation of the tax rates for 2002 was made in compliance with the 1999 Judgment. Franklin County relies upon *Estate of Ingram v. Rollins*, 864 S.W.2d 400, 403 (Mo. App.1993), for the proposition that the "operative effect of an order lies in the order or decretal portion itself, rather than in any accompanying recitals, findings, memorandum or opinion." Franklin County claims it complied with the "decretal portions" of the 1999 Judgment. According to Franklin County, the "decretal" portion of the judgment barred the county from rounding up its tax rates, ordered repayment of certain amounts of improper taxes, required the county to pay attorney's fees, and affirmed the tax rates set for 1999. However, Franklin County ignores the portion of the opinion in *Estate of Ingram*, in which the court also notes that the general rules of construction apply to an order, and the words and clauses must be construed "in accordance with their natural import." *Id.* "The order should be examined in its entirety, with an eye to making sense of the language used." *Id.*

Here, the 1999 Judgment found that the tax rates for 1998 were improper, and violative of the Hancock Amendment due to the rounding up formula utilized by Franklin County. It follows logically from this finding that Franklin County would be precluded from using improper tax rate ceilings to calculate subsequent years' property tax rate levies. Thus, Franklin County did violate the 1999 Judgment by using the improper tax rate ceilings to calculate its tax rate levies for both the general revenue and road and bridge purposes for the year 2000. This improper

calculation was carried forward with the use of the tax rate ceiling from 2000 to calculate the levies for 2001 and the use of the improper tax rate ceiling from 2001 to calculate the 2002 tax rate levies. Point denied.

In its fourth point, Franklin County argues that Vogt's action is barred by the doctrine of res judicata because a member of the class Vogt represents previously challenged the 2000 rates and the action was dismissed, and the present action is actually a challenge of the 2000 tax rates rather than the 2002 rates.

██ Vogt argues that Franklin County has waived any res judicata claim by failing to timely raise such a defense. Citing *Heins Implement Co. v. Missouri Highway Transp. Com'n*, 859 S.W.2d 681, 684–85 (Mo. banc 1993), Vogt states that a party who fails to assert a defense of res judicata as an affirmative defense in its answer, as an amendment to the pleadings, or as part of a timely motion presented to the trial court, is deemed to have waived the defense. We agree.

In its answer, Franklin County asserted several affirmative defenses. These defenses did not include a claim of res judicata. Franklin County referred to a prior case involving challenges to the tax rates in its answer, but only to make an argument for the affirmative defense that Vogt's claims were untimely and barred by the statute of limitations. Franklin County argues in its reply brief, that the issue of res judicata was raised, argued and briefed before the trial court during the class certification hearing. However, there is no evidence of this in the record before us.

██ Additionally, we note that Franklin County argues that the disposition of Vogt I serves to bar Vogt's current action. However, there is nothing in the record

before us to indicate the disposition of the claims which were the subject of Vogt I. As noted above, our court reversed the dismissal as to the claims for declaratory judgment and injunctive relief to allow Vogt to proceed on these claims. *Vogt*, 158 S.W.3d at 252. However, we have not been provided with evidence of the disposition of these claims in the record on appeal. "It is the duty of an appealing party desiring review of an issue to furnish all records relating thereto." *Sally v. City of Rolla*, 884 S.W.2d 380, 382 (Mo.App.1994). Absent a complete record, which contains the matters necessary for our determination of the issue before us, dismissal may be appropriate. *Id.* Here, we have not been provided with a significant portion of the evidence necessary to make a determination as to the issue of whether Vogt's claims were barred by res judicata. Therefore, we cannot review this point on appeal.

██ In its fifth point on appeal, Franklin County claims the trial court erred in admitting evidence of correspondence between counsel in a prior case because the letters were settlement discussions between counsel. Additionally, Franklin County asserts that the correspondence is inadmissible to explain or modify the 1999 Judgment.

██ The trial court is vested with broad discretion concerning the admissibility of evidence, and we will not interfere with the decision of the trial court absent an abuse of discretion. *Hancock v. Shook*, 100 S.W.3d 786, 795 (Mo. banc 2003). "An abuse of discretion occurs when a trial court's ruling is clearly against the logic of the circumstances then before the court and is so unreasonable and arbitrary that it shocks the sense of justice and indicates a lack of careful, deliberate consideration." *Id.* It is difficult to predicate reversible error upon the erroneous admission of evi-

dence in a court-tried case. *Welshans v. Boatmen's Bancshares, Inc.*, 872 S.W.2d 489, 495 (Mo.App.1994).

█ "Because settlements are encouraged under the law, the general rule is that evidence procured from settlement is to be excluded at trial." *Hancock*, 100 S.W.3d at 799. However, as noted by Vogt, there is an exception to this general rule when the evidence constitutes an admission of independent fact relevant to an issue between the parties. *Holtmeier v. Dayani*, 862 S.W.2d 391, 404 (Mo.App. 1993).

In the present case, the correspondence admitted at trial did contain evidence of some settlement discussion between counsel during the 1999 litigation which was ultimately the result of the 1999 Judgment. However, the letters also contained an admission by counsel for Franklin County that the rounding up, which was the subject of the initial suit, was improper. The letters also provided statements regarding the calculations of the 1997 and 1998 tax rate levies, and the excess tax revenues collected by Franklin County for general revenue and road and bridge purposes. In determining these figures of excess revenue, counsel for Franklin County noted the correct tax rate ceilings that should have been used in 1998 to calculate the tax rate levies. This information was relevant and admissible in the instant case to determine the question of whether the 2002 tax rates were improper based on prior years' calculations, which began in 2000 with the use of the improper tax rate ceiling from 1998.

Moreover, we note that no prejudice resulted from the admission of the correspondence. The court stated that it would try to ignore the settlement discussions contained in the letters. Additionally, the portions of the correspondence cited in the court's judgment contained information already incorporated in the 1999 Judgment, which was admitted at trial without objection.

█ Franklin County also argues that the letters were improperly admitted to explain or vary the terms of the 1999 Judgment. We disagree. The information cited in the court's judgment in the present case was consistent with the findings in the 1999 Judgment. The court merely noted that in the letters Franklin County acknowledged the improper rates from 1998, and stated the excess revenue amounts, which were recited in the court's 1999 Judgment. These facts did not vary the 1999 Judgment, but instead were consistent with the judgment. Thus, we do not believe the trial court abused its discretion in admitting the correspondence. Point denied.

█ In its final point on appeal, Franklin County claims that the trial court erred in its judgment that Franklin County failed to adjust its tax rates for actual sales tax collections in 2000, 2001, and 2002. Franklin County does not dispute that it failed to adjust the property tax rates based upon actual sales tax revenue in the immediately preceding year. Instead it simply claims the adjustment was not required under section 67.505.3.

Pursuant to section 67.505.3, a county shall:

"reduce that total property tax levy in an amount sufficient to decrease the total property taxes it will collect by an amount equal to one of the following: (1) Fifty percent of the sales tax revenue collected in the tax year for which the property taxes are being levied; ... (6) One hundred percent of the sales tax revenue collected in the tax year for which the property taxes are being levied; provided that, in the event that in the immediately preceding year a county actually collected more or less sales tax

revenue than the amount determined under subdivision (4) of section 67.500, the county shall adjust its total property tax levy for the current year to reflect such increase or decrease."

Franklin County set forth Proposition 1, which posed the question to its voters, "[s]hall the County of Franklin, Missouri impose a county-wide sales tax of one-half (1/2) of one percent and reduce its total property tax levy annual by fifty percent (50%) of the total amount of the sales tax revenue collected in the same tax year?" Franklin County voters approved this proposition. As a result, pursuant to section 67.505.3, Franklin County was required to reduce the total property taxes it would collect by an amount equal to fifty percent of the sales tax revenue collected in the tax year for which the property taxes were being levied. Section 67.500(4) defines "sales tax revenue collected" as, "the amount of sales tax revenue received by a county during the first six calendar months of any year multiplied by two."

Subsection (6) of 67.505.3 contains a qualifying provision which, as noted above, requires the county to make an adjustment in its property tax levy for the current year for the actual sales tax collected in the immediately preceding year, where that amount is more or less than the amount calculated pursuant to 67.500(4). Franklin County argues that this adjustment is only required to be made in counties where the voters approved a one hundred percent reduction of the current year's property tax levies pursuant to section 67.505.3(6).

In its argument, Franklin County relies upon the "last antecedent rule," as set forth in *Rothschild v. State Tax Commission of Missouri,* 762 S.W.2d 35, 37 (Mo.

banc 1989). In *Rothschild,* the Missouri Supreme Court found that, " 'relative and qualifying words, phrases or clauses are to be applied to the words or phrase immediately preceding and are not to be construed as extending to or including others more remote.' " *Id.; (quoting Citizens Bank & Trust v. Director of Revenue,* 639 S.W.2d 833, 835 (Mo.1982)).

The trial court found that the "last antecedent rule" did not apply to the language of section 67.505.3, and determined that Franklin County collected excess property taxes in 2000, 2001, and 2002 as a result of understated sales tax adjustments for those years. The court ordered a refund of the excess property taxes collected in 2000, 2001, and 2002 from these understated sales tax adjustments [3].

The "last antecedent rule," as applied to section 67.505 results in an illogical construction of the statute. "Statutory interpretation is a question of law." *Anderson v. Village of Jacksonville,* 103 S.W.3d 190, 195 (Mo.App.2003); (citing *Staley v. Mo. Dir. of Revenue,* 623 S.W.2d 246, 248 (Mo. banc 1981)). The primary rule in construing a statute is to determine the intent of the legislature based upon the language used. *Id.* We are to give effect to that intent when possible, and we are to consider the plain and ordinary meaning of the words used. *Id.* " 'The entire statute should be construed to determine legislative intent, and all provisions should be harmonized, if reasonably possible.' " *Id.; (quoting Campbell v. Labor & Indus. Relations Comm'n,* 907 S.W.2d 246, 249 (Mo. App.1995)). Provisions involving the same subject matter are to be construed together. *Baldwin v. Director of Revenue,* 38

---

**3.** Franklin County did not object to this award at trial, nor does it raise the refund as an issue on appeal. During argument, the parties stipulated that this refund is permitted by law.

S.W.3d 401, 405 (Mo. banc 2001) (citation omitted).

In the present case, when section 67.505.3 is read in its entirety, and read in conjunction with section 67.500(4), the intent of the legislature is clear. Section 67.505.3 requires a county to reduce its total property tax levy by a certain amount of sales tax revenue collected in the tax year for which the property taxes are being levied. Subsections (1) through (6) provide several options for reductions based on differing percentages of the sales tax revenue collected. As previously noted, section 67.500(4) defines "sales tax revenue collected" as, "the amount of sales tax revenue received by a county during the first six calendar months of any year multiplied by two." As noted by the trial court, this language is indicative of the legislature's intent to recognize that counties must make tax levy decisions before the entire year's sales taxes are collected. The qualifying language in section 67.505.3(6) requires an adjustment based on whether this estimate is more or less than the actual sales tax revenue in the immediately preceding year. To find that this adjustment applies only to counties in which property taxes are reduced by one hundred percent of the sales tax revenue collected, rather than applying the adjustment to each percentage provided for in subsections (1) through (5), results in an illogical interpretation of the statute.

Additionally, we note that in section 137.073.1(4), in its definition of "tax revenue," the legislature notes that counties levying sales taxes pursuant to chapter 67 shall include in the calculation of tax revenue, "an amount equivalent to that by which they reduced property tax levies as a result of sales tax pursuant to section 67.505, RSMo, and section 164.013, RSMo, in the immediately preceding fiscal year...." This provision does not qualify the reduction as applying solely to counties in which the property taxes are reduced by one hundred percent of the sales tax revenue collected.

Therefore, viewing the plain language of section 67.505.3 in its entirety, and in conjunction with the provisions in section 67.500(4) and 137.073.1(4), we believe it was the intent of the legislature to require counties to make an adjustment to their property tax levies based upon the actual sales tax collected in the immediately preceding year. The trial court did not, therefore, err in finding that Franklin County improperly failed to adjust its property tax levies to account for the actual sales tax collected in the immediately preceding years in 2000, 2001, and 2002.

■■■ Vogt has also filed a motion for attorneys' fees and costs for services on appeal, in the amount of $27,139.06, supported by an affidavit, which was taken with the case. Of the total fees requested, $23,534.06 had been incurred at the time the motion was filed, and counsel anticipated incurring an additional $3,615.00 for remaining work on appeal. Pursuant to Article X, Section 23 of the Missouri Constitution, a taxpayer bringing a challenge under the Hancock Amendment is entitled to costs, including reasonable attorneys' fees incurred in maintaining the suit, if the suit is sustained. Vogt's suit was sustained, and he was granted attorneys' fees by the trial court. Franklin County does not challenge this award on appeal and did not file suggestions in opposition to Vogt's motion for fees on appeal. As Vogt correctly notes, the entitlement to attorneys' fees on appeal stands upon the same ground as that at the trial court level. *Knopke v. Knopke,* 837 S.W.2d 907, 924 (Mo.App.1992). Vogt was entitled to fees at the trial level pursuant to Article X, Section 23 of the Missouri constitution, and therefore, Vogt is also entitled to fees on

appeal. Vogt is awarded $25,000.00 in attorneys' fees on appeal.

The judgment of the trial court is affirmed.

MARY K. HOFF, P.J., and PATRICIA L. COHEN, J., concur.