**Kenneth D. ROHRER, Bill V. Flurry, Jack L. Koehr, Plaintiffs/Appellants,**

v.

**Linda EMMONS, Collector of Franklin County, et al., Defendants/Respondents.**

**No. ED 90669.**

Missouri Court of Appeals,
Eastern District,
Division Two.

April 7, 2009.

Motion for Rehearing and/or Transfer to Supreme Court Denied July 13, 2009.

Application for Transfer Denied
Sept. 1, 2009.

---

**1.** All statutory references are to RSMo 2000 unless otherwise specified.

Byron D. Francis, Jeffery T. McPherson, Jacqueline P. Ulin, Cynthia A. Petracek, St. Louis, MO, for appellants.

Marc H. Ellinger, Jefferson City, MO, for respondents.

**LAWRENCE E. MOONEY, Judge.**

The plaintiff-taxpayers appeal the judgment of the trial court entered in favor of defendant Franklin County Library District on the taxpayers' claim that the district violated the Hancock Amendment. We reverse the trial court's judgment and remand the cause for entry of judgment in favor of the taxpayers.

### Factual & Procedural Background

The instant action is yet another in what has become a series of taxpayer challenges to property tax rates levied by Franklin County taxing authorities.[1] The taxpayers filed suit against the Franklin County Library District of the Scenic Regional Library, challenging the tax rates set by the library district for the years 2003, 2004, 2005, and 2006.[2] The taxpayers alleged the library district set its tax rate unlawfully high for each of those years.[3] Specifically, the taxpayers contended the tax rates for these years were improper because they ultimately resulted from the district's improper tax rate calculation for the year 2000. The taxpayers alleged that in calculating its year 2000 tax rates, the library district applied an incorrect "prior year tax rate ceiling." The taxpayers contended the district failed to apply the 1999 tax rate ceiling set forth on the library district's certified 1999 tax rate summary page, but instead applied a higher, unlawfully rounded-up tax rate ceiling, originally set in 1998, to calculate the district's year 2000 tax rate.[4] Use of this higher tax rate ceiling resulted in a higher tax rate for the year 2000 than would have occurred, had the district used the tax rate ceiling set forth on the 1999 tax rate summary page.

Because tax rate calculations use a formula that is based, in part, on a taxing authority's prior year tax rate ceiling, the taxpayers maintained the district's improper year 2000 calculations instituted a cycle of improperly-high tax rates and tax rate ceilings being calculated and used in succeeding years. Thus, they alleged, the library district's use of an improper tax rate ceiling in calculating its tax levy in 2000 had a cumulative effect, ultimately resulting in improper tax rate ceilings be-

1. The instant case is remarkably similar to *Vogt v. Emmons*, 181 S.W.3d 87 (Mo.App. E.D.2005), a taxpayer challenge to the 2002 tax rates levied by Franklin County. The taxpayers in *Vogt* asserted claims that are virtually identical to the claims raised in this action. We affirmed the judgment on appeal, rejecting the County's argument that the tax rates for 2002 were correctly calculated.

2. The named plaintiff-taxpayers are class representatives of the class of all real-property taxpayers who were assessed taxes by the library district and paid those taxes in the years 2003, 2004, 2005, and 2006, and all personal-property taxpayers who were assessed taxes by the library district and paid those taxes in the year 2006. The Franklin County Library District is a political subdivision of the State of Missouri authorized to levy taxes upon real and personal property within its jurisdiction.

3. The taxpayers also brought suit against Franklin County and Linda Emmons, the Collector of Franklin County. The County and Collector settled all claims against them with respect to the years 2003, 2004, and 2005. The taxpayers' claims against the County and Collector regarding tax rates for the year 2006 have been severed from this case.

4. The taxpayers allege that from 1985 through 1998, the library district unlawfully rounded up its tax rate to the nearest cent. The taxpayers contend the library district did not apply this rounding-up procedure in calculating its 1999 tax rates, but instead applied a revised prior year tax rate ceiling from 1998, which had not been rounded-up. Thus, the taxpayers contend, the 1999 tax rate ceiling is proper.

ing used to calculate the district's tax rate levy for the years 2003 through 2006, which then led to improperly-high tax rates and the collection of excess tax revenue on behalf of the library district.

The taxpayers contended the library district's use of an improper tax rate ceiling in calculating its year 2000 tax rate and the resulting higher tax rate levies constituted a violation of the Hancock Amendment and Section 137.073 RSMo. The taxpayers requested an order declaring the library district's tax levy for the years 2000 through 2006 unlawful; directing the library district to calculate its 2003 through 2006 tax rates by re-calculating its year 2000, 2001, and 2002 tax rates pursuant to the lawful tax rate ceiling for 1999 set forth on the district's 1999 tax rate summary page; enjoining the library district from collecting taxes under the unlawful rates; enjoining the library district from applying unlawful tax rates or tax rate ceilings in calculating its tax rates in the future; refunding to the taxpayers any sums paid over the amount due on each taxpayer's respective tax bills when the lawful rate is used to compute the 2003 through 2006 tax bills; awarding punitive damages; and awarding taxpayers their costs, expenses, and attorney's fees.

The cause was tried to the court. The trial court found in favor of the library district. In so ruling, the trial court concluded the taxpayers would have established their claim that the tax rates imposed and collected by the district were excessive, but for the taxpayers' failure to prove a single number—the figure they contended was the prior year tax rate ceiling in 1999. The court further found that library district acted appropriately by setting its tax rates in compliance with the state statutes and state regulations in effect at the time those rates were set. The taxpayers now appeal.

## Discussion

■ At the general election in November of 1980, Missouri voters approved an amendment to the state constitution commonly referred to as the Hancock Amendment. Mo. Const. art. X, sec. 16–24; *Missourians for Tax Justice Education Project v. Holden*, 959 S.W.2d 100, 102 (Mo.1997). The Hancock Amendment is also popularly described as "the tax and spending lid" amendment, words that reflect its central purpose. *Buchanan v. Kirkpatrick*, 615 S.W.2d 6, 13 (Mo. banc 1981). The purpose of the amendment is "to limit taxes by establishing tax[ and revenue limits and expenditure limits for the state and other political subdivisions which may not be exceeded without voter approval." *Id.;* accord *Missourians for Tax Justice Educ. Project*, 959 S.W.2d at 102 (stating "[t]he purpose of the Hancock Amendment is 'to rein in increases in governmental revenue and expenditures.'")(quoting *Roberts v. McNary*, 636 S.W.2d 332, 336 (Mo. banc 1982); *Kelly v. Hanson*, 984 S.W.2d 540, 543 (Mo.App. W.D.1998))(noting that the Hancock Amendment is "aimed at limiting state and local government taxation and spending"). "The Hancock Amendment 'aspires to erect a comprehensive, constitutionally-rooted shield to protect taxpayers from government's ability to increase the tax burden above that borne by the taxpayers on November 4, 1980,'" the date the Amendment was approved. *Kelly*, 984 S.W.2d at 543 (quoting *Fort Zumwalt School District v. State*, 896 S.W.2d 918, 921 (Mo. banc 1995)). "Reduced to its essence, the Hancock Amendment reveals the voters' basic distrust of the ability of representative government to keep its taxing and spending requirements in check." *Beatty v. Metropolitan St. Louis Sewer District*, 867 S.W.2d 217, 221 (Mo. banc 1993).

To help achieve the amendment's purpose of reining in governmental taxation and spending, Section 22(a) of the Hancock Amendment imposes limitations on a political subdivision's ability to increase a tax. Specifically, Section 22(a) provides, in pertinent part, that:

> [c]ounties and other political subdivisions are hereby prohibited from ... increasing the current levy of an existing tax ... above that current levy authorized by law or charter when this section is adopted without the approval of the required majority of the qualified voters of that county or other political subdivision voting thereon.

Mo. Const., art. X, sec. 22(a).[5] In determining whether a political subdivision of this state has violated the Hancock Amendment, the "constitution's prohibition is measured against the tax levy" imposed by the political subdivision. *Franklin County ex rel. Parks v. Franklin County Commission*, 269 S.W.3d 26, 30 (Mo. banc 2008).

Here, the dispute centers on calculations of tax rates levied in the years 2003 through 2006. Determining the property tax rate to be levied by a political subdivision involves a series of mathematical computations. These calculations result in a tax rate ceiling—or the maximum permissible tax rate that may be levied unless a higher rate is approved by the voters. Section 137.073.1(3). The tax rate to be levied by the particular political subdivision is then set at or below this maximum rate. The calculation of a tax rate ceiling each year uses a formula, which is based, in part, on the prior year's tax rate ceiling and the current year tax rate.

The taxpayers maintain that the library district failed to use the proper prior year tax rate ceiling in calculating its year 2000 tax rates. The taxpayers note that on the library district's certified tax rate summary page for 1999, the prior year tax rate ceiling is listed as $0.0833. The current year (1999) tax rate ceiling was then calculated to be $0.0827. The tax rate levied was $0.0827, equal to the calculated tax rate ceiling. The taxpayers then note that in the year 2000, the library district did not calculate its tax levy using this prior year tax rate ceiling of $0.0827; instead, the library district listed and used a higher figure of $0.1000 as the prior year tax rate ceiling. The current year (2000) tax rate ceiling was then calculated to be $0.1000. The tax rate levied was $0.0979. The taxpayers argue that by carrying forward these values from 2000 in calculating the library district's 2001 tax rates, and then from the year 2001 into the year 2002, and then from the year 2002 into 2003, these

---

**5.** Article X, Section 22(a) of the Missouri Constitution reads in full, as follows:

(a) Counties and other political subdivisions are hereby prohibited from levying any tax, license or fees, not authorized by law, charter or self-enforcing provisions of the constitution when this section is adopted or from increasing the current levy of an existing tax, license or fees, above that current levy authorized by law or charter when this section is adopted without the approval of the required majority of the qualified voters of that county or other political subdivision voting thereon. If the definition of the base of an existing tax, license or fees, is broadened, the maximum authorized current levy of taxation on the new base in each county or other political subdivision shall be reduced to yield the same estimated gross revenue as on the prior base. If the assessed valuation of property as finally equalized, excluding the value of new construction and improvements, increases by a larger percentage than the current levy applied thereto in each county or other political subdivision shall be reduced to yield the same gross revenue from existing property, adjusted for changes in the general price level, as could have been collected at the existing authorized levy on the prior assessed value.

improperly-calculated and impermissibly-high tax rate and tax rate ceilings from 2000 had a cumulative effect, ultimately resulting in improperly-high tax rate ceilings being used to calculate the district's tax rate levy for the years 2003 through 2006. All of this, the taxpayers contended, led to unlawfully-high tax rates and the collection of excess tax revenue on behalf of the library district.

The trial court concluded the taxpayers provided clear and convincing testimony that, if the prior year tax rate ceiling in 1999 was $0.0833, then the tax rates imposed and collected by the library district from 2000 through 2006 were excessive. Remarkably, the trial court found, however, that the taxpayers provided no evidence to support their contention that the prior year tax rate ceiling in 1999 was $0.0833 "except through reference to the 1999 Judgment and the 1999 Certification Letter." [6,7] Put differently, the trial court entirely acknowledged the taxpayers' right to relief, but faulted them in their proof of a single matter—the prior year tax rate ceiling in 1999. But then the trial court inexplicably acknowledged its awareness of the 1999 Certification Letter and attached

tax rate summary page in which the library district certified that the prior year tax rate ceiling was $0.0833. Frankly, we cannot fathom the trial court's reasoning. The taxpayers proffered the 1999 Certification Letter precisely to prove the prior year tax rate ceiling in 1999. The district voiced no objection. The exhibit was admitted. No one at trial or on appeal has questioned the authenticity of the letter or voiced any doubt that this letter established the ceiling. Yet the trial court concluded that the taxpayers failed in their proof due to the absence of this single number, a number established by a document accepted by everyone but the trial court as conclusive proof. The trial court's contradictory findings recognize that the taxpayers did, in fact, present evidence that the prior year tax rate ceiling in 1999 was $0.0833. The 1999 certified tax rate summary page introduced by the taxpayers clearly reflects this value. Based on the record before it, the trial court erred. The trial court's judgment is not only unsupported by substantial evidence; it is also against the weight of the evidence.

The library district seeks safe harbor in its reliance on the State Auditor's regula-

**6.** The 1999 Judgment refers to the judgment from December of 1999, in the Franklin County circuit-court case *Koehr et al. v. Henderson, et al.*, Cause No. CV198–0297CC, wherein the trial court entered judgment by consent of the parties declaring, in part, that (1) the tax rates for 1998 were unlawful and unconstitutional based upon an improper rounding-up formula used by the taxing authorities to calculate their rates; and (2) the levies set by the defendant taxing authorities for the year 1999 were lawful.

**7.** The 1999 Certification Letter refers to a letter, dated September 7, 1999, from the State Auditor to the Franklin County Clerk, regarding the library district's proposed 1999 property tax rates. In that letter, the Auditor stated that, based on the information provided by the library district, the tax rate ceiling for the district complied with the provisions

of Section 137.073. Accompanying this letter is the 1999 tax rate summary page—a form promulgated by the State Auditor and used by the library district in calculating its 1999 tax rates. The numbers filled in on this form are supplied by the State Auditor. The taxing authority, here the library district, can then make revisions on the form in calculating its proposed tax rate. The form and proposed tax rate is then returned to the State Auditor for evaluation. The first line of this form is the "prior year tax rate ceiling." The form clearly shows a value of $0.0833 for the prior year tax rate ceiling; this number was not revised by the library district. As reflected at the bottom of the tax rate summary page, the director of the library district certified that the data set forth on the form was true and accurate to the best of her knowledge and belief.

tions. The State Auditor has promulgated regulations relating to the computations and substantiations of annual tax rate ceilings. Until July 24, 2000, those regulations permitted rounding to a cent. Until February 28, 2001, the regulations also provided that "a fraction greater than one one-hundredth cent may be rounded to the next higher whole cent." Although the language is permissive, it was always the policy of the State Auditor to round upward. The prior year tax rate ceiling value of $0.1000, supplied by the Auditor and used by the library district in calculating its 2000 tax rate, was derived pursuant to this rounding policy.[8] The district contends it complied with the Auditor's regulations and rounding policy in effect at the time, that it followed and complied with the Auditor's tax rate forms incorporating that policy, and that it reasonably relied upon the Auditor's certification and approval of its tax rate ceiling and tax rate levy. Thus, the district argues, it should not be punished at this late a date for actions taken in calculating its 2000 tax rate.

But a regulation of the State Auditor cannot trump the Missouri Constitution. The district advances its reliance on the Auditor's regulation, but fails to cite any authority that the regulation overcomes a taxpayer's constitutional claim. Further, the record belies the district's argument that it relied on the Auditor's regulations, forms, and certification letters in good faith. The district's calculations of its 2000 tax rates were completed in August of 2000. The record discloses that a full year earlier, in August of 1999, counsel for the district voiced his opinion that the Au-

ditor's rounding instructions were unconstitutional in a letter written to the director of the library district. In this same letter, counsel recommended that the district not employ the rounding-up formula and cautioned that doing so could very well lead to additional litigation. At the time, a lawsuit was pending in the trial court challenging the rounding-up formula, used by certain taxing authorities in Franklin County in calculating their 1997 tax levies.[9] Yet, despite counsel's recommendations and cautions regarding the Auditor's rounding policy, and despite the outcome in other litigation involving that policy, the district nevertheless used a value derived pursuant to the rounding policy. The district cannot seek safe harbor. The district appears to claim some right to good-faith reliance on the Auditor's regulation as a safe harbor. Even if we were to conclude that reliance on the Auditor's regulation would affect a constitutional claim, the district cannot establish its claim to safe harbor where it has recklessly ignored the warnings of an impending storm.

■■■ The library district incorrectly argues that the taxpayers are barred by *res judicata* from bringing this action. *Res judicata* bars the reassertion of an action "previously adjudicated in a proceeding between the same parties or those in privity with them." *Vogt v. Emmons,* 158 S.W.3d 243, 247 (Mo.App. E.D.2005). The district notes that the current class representative previously challenged the 2000 tax rates. Thus, the district maintains, because the taxpayers' entire theory and basis of the current action is that the

---

**8.** The taxpayers contend the library district applied a rounded-up tax rate ceiling that was set in 1998. The district's certified tax rate summary page from 1998 shows the prior year tax rate ceiling as $0.090 and the tax rate to be levied as $0.100.

**9.** This lawsuit resulted in aforementioned 1999 consent judgment declaring the rounding-up formula unconstitutional.

calculations made in the year 2000 were improper, the dismissal of the earlier case, affirmed in *Koehr v. Emmons*, 98 S.W.3d 580 (Mo.App. E.D.2002), bars the taxpayers from challenging the 2000 tax rates. The *Koehr* case was dismissed, however, for failure to timely file a challenge; it did not result in a judgment on the merits as to whether the 2000 tax rate was proper or improper. *Koehr*, 98 S.W.3d at 584. *Res judicata* "can only be applied where a final judgment on the merits has been rendered involving the same claim sought to be precluded in the cause in question." *Vogt*, 158 S.W.3d at 247. The library district's *res judicata* defense further fails because the taxpayers' claims do not involve the same request for relief or the same cause of action involved in the prior case. The taxpayers currently seek revision of tax rates from the years 2003 through 2006. The previous case did not involve a cause of action or seek relief related to these years.

We recognize that "finality is a crucial element of property tax rates" for municipalities and other governmental entities. *Vogt v. Emmons*, 181 S.W.3d 87, 93 (Mo. App. E.D.2005). The district maintains that judgment for the taxpayers, allowing challenges *ad infinitum*, going back years or decades, would erase any semblance of finality in tax rates and unsettle the expectations of local governments. We have previously noted our belief that, if timely challenged, an unconstitutional rate must be remedied.[10]  *Vogt*, 181 S.W.3d at 93. We hold that same belief today.

### *Conclusion*

The trial court found the taxpayers provided clear and convincing testimony that,

---

10. In all relevant years, the plaintiff-taxpayers paid their property taxes, as assessed by the county, under protest. The trial court found the taxpayers properly protested their taxes and provided proper notice of the protest.

if the prior year tax rate ceiling in 1999 was $0.0833, then the tax rates imposed and collected by the library district from 2000 through 2006 were excessive. The taxpayers provided such evidence. Accordingly, we reverse the trial court's judgment and remand the cause for entry of judgment in favor of the plaintiff-taxpayers.

ROY L. RICHTER, P.J., and GEORGE W. DRAPER III, J., concur.

We agree with the trial court's conclusion that the taxpayers complied with the statutory requirements of Section 139.031 for paying taxes under protest.